UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DIEAUKA Y. BRADLEY,

        Plaintiff,

  v.

DENNIS BUSS, *et al.,*

        Defendants.

Case No. C08-5498RBL

REPORT AND RECOMMENDATION

Noted for December 12, 2008

This case has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local MJR 4. This matter comes before the court on the plaintiff's motion for default (Doc. 15). After reviewing the relevant pleadings and the remaining record, the undersigned submits the following report and recommendation.

## DISCUSSION

The Federal Rules of Civil Procedure require defendants to answer a complaint within twenty (20) days from the date being served with the summons and complaint, or if service of the summons was timely waived, within sixty (60) days after the date when the request for waiver was sent. Fed. R. Civ. P. 12(a). If a defendant fails to respond within that time, a default judgment may be entered. Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 108 S.Ct. 198 (1987).

In this case, Plaintiff argues Defendants have not appeared or filed their answer to his Complaint in a timely manner. Plaintiff seeks default and judgment. Plaintiff's argument is based on the fact that an Answer has not been filed within the sixty (60) time period following the court's order directing

service, dated August 27, 2008.

In response to the motion for default, the attorney general for the State of Washington explains that some internal procedures are still taking place in their office regard representation of certain defendants, but nonetheless the time deadline for an Answer or appearance has not expired. It is significant to note that despite the court's order directing service on August 27, 2008, and the Court's clerk delivering the service documents to the U.S. Marshal on or about September 3, 2008 (Docs. 11-13), the matter was not served by the Marshal's office until much later. The Notice of Lawsuit, attached in response to Plaintiff's motion, and the Return of Service (Doc 14) show that Defendants did not receive notice of the lawsuit until October 7, 2008. Because service was conducted by mail and waivers of service of summonses have been filed, an Answer or other appropriate affirmative pleading is not due until sixty (60) days later (until on or about December 7, 2008).

## CONCLUSION

Because the time period to file an Answer or other affirmative pleading has not expired, the Court should DENY plaintiff's motion for default. Default judgments are generally disfavored and the court prefers a decision on the merits, In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 12, 2008**, as noted in the caption.

Dated this 17th day of November, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge